UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

                                                             Case No.: 13-75485-ast

Miroslav J. Bartonik,                                   Chapter 7

                           Debtor.
-----------------------------------------------------------X

### DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEBTOR'S MOTION TO REOPEN HIS CASE AND AVOID JUDICIAL LIENS

On October 29, 2013, the debtor, Miroslav J. Bartonik ("Debtor"), filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.  A chapter 7 trustee was appointed, a § 341 meeting was held, and the trustee issued a report of no distribution.  On February 5, 2014, Debtor received his discharge, and the case was closed.  [dkt item 11]

On January 16, 2015, Debtor, filed a motion pursuant to 11 U.S.C. §§ 350 and 522(f)(1)(A) (the "Motion"), seeking to reopen his case for the purpose of avoiding two liens against his real property located at 392 Grove Avenue, Patchogue, New York (the Property");  one lien is claimed by the State of New York, the other by Discover Bank (the "Liens").[1]  [dkt item 13]

The Motion alleges that, as of February 27, 2013, the Property was worth approximately $216,296, and was encumbered by two mortgages -- a first with an outstanding balance of approximately $132,458.07 and a second with an outstanding balance of approximately $99,551.32 -- for a total mortgage indebtedness of $232,009.39.  Debtor claimed a New York State homestead exemption pursuant to N.Y. C.P.L.R. § 5206(a) in the amount of $28,658 in his

---

[1] The liens Debtor seeks to avoid are held by (i) Discover Bank, recorded, on December 8, 2010 in the original amount of $12,879.70, and (ii) the State of New York, recorded on February 17, 2012 in the original amount of $2,002.38; both liens are recorded in Suffolk County, New York.

schedule C, which he attached to his Motion.  Thus, Debtor alleges, the liens impair his homestead exemption.

As the sole evidence of the fair market value of the Property, Debtor has annexed to the Motion an internet valuation from the website Zillow.com.  While the case will be reopened, the liens will not be avoided at this time.

*The case should be reopened*

Section 350(b) of the Bankruptcy Code authorizes courts to reopen a case "to administer assets, to accord relief to the debtor, or for other cause." *In re Warmbrand*, 2013 Bankr. LEXIS 4786, at *11 (Bankr. E.D.N.Y.  Oct. 17, 2013) (citing 11 U.S.C. § 350(b)).  This Court has previously stated that "[t]he statute's permissive language provides the Court with broad discretion to determine whether a debtor filed a motion to reopen in good faith or has demonstrated good cause." *Id.*; *In re Farley*, 451 B.R. 235, 237 (Bankr. E.D.N.Y. 2011).  The moving party carries the burden of proof to establish cause to reopen. *Warmbrand*, 2013 Bankr. LEXIS 4786, at *12.  Although the Bankruptcy Code does not define what constitutes "cause" under § 350(b), this Court has previously found cause to reopen a bankruptcy case when a debtor seeks to avoid a judicial lien against his or her residence. *See In re Maurer*, 2011 WL 2293135, at *1-2 (Bankr. E.D.N.Y. June 7, 2011).

Because Debtor may be entitled to avoid one of more judicial liens against the Property, cause exists to reopen this case.  Therefore, that portion of the Motion is granted.

*Debtor is not entitled to avoid the liens based his use of Zillow as value evidence*

This Court has previously held that, in order for a debtor to avoid a judicial lien under § 522(f), the debtor must (1) actually claim a homestead exemption in the property in an amount certain, (2) correctly state the amount actually claimed on Schedule C in the motion, and (3)

claim a homestead exemption sufficient to exempt all equity in the property net of non-avoidable liens. *See In re Schneider,* 2013 WL 5979756, at *11-13 (Bankr. E.D.N.Y. Nov. 8, 2013); *In re Coppola*, 2013 WL 3794098, at *2 (Bankr. E.D.N.Y. July 18, 2013); *In re Moltisanti*, 2012 WL 5246509, at *3-5 (Bankr. E.D.N.Y. Oct. 24, 2012). The operative date for the fair market value of the property at issue is the petition date. *In re Meza*, 2015 WL 794288, at *1 (Bankr. E.D.N.Y. Feb. 19, 2015) (citing 11 U.S.C. § 522(a)(2)); *see Wilding v. CitiFinancial Consumer Fin. Servs. (In re Wilding)*, 475 F.3d 428, 432-433 (1st Cir. 2007). Local Bankruptcy Rule 9013-1(g) provides that a § 522(f) motion must "be supported by evidence of the fair market value of the property as of the date of the filing of the bankruptcy petition." E.D.N.Y. L.B.R. 9013-1(g).

This Court cannot grant a debtor affirmative relief, even in the absence of opposition, unless the debtor has established a *prima facie* basis for the relief sought in the Motion. *See Schneider*, 2013 WL 5979756, at *3.

Here, Debtor has not established his entitlement to relief under § 522(f). The only evidence of fair market value as of the petition date proffered by Debtor is the Zillow.com estimate. Courts presented with this type of value evidence have rejected it, noting that Zillow.com is "inherently unreliable", because "it is a participatory [s]ite almost like Wikipedia. Whereas Wikipedia allows anyone to input or change specific entries, Zillow allows homeowners to do so". *In re DaRosa*, 442 B.R. 173, 177 (Bankr. D. Mass. 2010); *see Debilio v. Golden (In re Debilio)*, 2014 Bankr. LEXIS 3886, at *19 (B.A.P. 9th Cir. Sept. 11, 2014) (citing *In re Phillips*, 491 B.R. 255, 260 n.7 (Bankr. D. Nev. 2013)); *In re Cocreham*, 2013 Bankr. LEXIS 3537, at *8-9 (Bankr. E.D. Cal. Aug. 23, 2013); *In re Slovak*, 489 B.R. 824, 826 (D. Minn. 2013) (In declining to consider the debtor's estimates of the value of his property obtained from Zillow.com and Appraisal.com, the court stated that"[i]nternet searches are insufficient

evidence of property value because they are at best questionable and at worst evidence of nothing."). Zillow allows "[a] homeowner with no technical skill beyond the ability to surf the web [to] log in to Zillow and add or subtract data that will change the value of his property." *DaRosa*, 442 B.R. at 177. Because a Zillow estimate is inherently unreliable, it does not satisfy Rule 401 of the Federal Rules of Evidence as relevant evidence; such an estimate does not tend to make the fact of the value ascribed by Debtor more or less probable. FED. R. EVID. 401; *see generally* Russell, *Bankruptcy Evidence Manual*, Vol. 2, § 401:1 (West 2014-15). As such, it would not be admissible under Rule 402. FED. R. EVID. 402.

*The New York State Lien may not be avoidable*

It is unclear from the Motion whether the lien held by the State of New York constitutes a judicial lien subject to avoidance under § 522(f), a statutory lien subject to avoidance under § 545, or a lien that is otherwise not avoidable. *See* 11 U.S.C. §§ 101(36), 101(53), 522(f), 545; *In re Schick*, 418 F.3d 321 (3d Cir. 2005) (noting that the ministerial act of docketing a statutory lien for unpaid motor vehicle surcharges was insufficient to make the lien a judicial lien).

Thus, the Court concludes that Debtor has failed to establish a *prima facie* basis for the § 522(f) relief sought in his Motion.

Accordingly, it is hereby

**ORDERED**, that the Motion is granted in part and denied in part; and it is further

**ORDERED**, that pursuant to 11 U.S.C. § 350(b) and FED. R. BANKR. P. 5010, this case is reopened for the limited purpose set forth herein; and it is further

**ORDERED**, that no Chapter 7 Trustee need be appointed in this reopened case; and it is further

**ORDERED**, that the portion of the Motion seeking to avoid the Liens under § 522(f) is denied without prejudice; and it is further

**ORDERED**, that within **thirty (30) days** of the date of entry of this Order, Debtor may file and serve an amended § 522(f) Motion that is supported by reliable evidence showing the fair market value of the Property as of the date of the filing of his bankruptcy petition as required by Local Bankruptcy Rule 9013-1(g), and additional information regarding the nature of the lien of the State of New York; and it is further

**ORDERED**, that this case shall be re-closed upon fulfillment of the limited purpose for which it was reopened; provided however, that if Debtor takes no action pursuant hereto within **thirty (30) days** of the date hereof, then the case shall be re-closed without further order of the Court.



**Dated: April 10, 2015**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**